# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**MASTEC, INC.**
**Employer Below, Petitioner**

**FILED**

December 19, 2017
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)     No. 17-0619** (BOR Appeal No. 2051368)
                        (Claim No. 2011027406)

**MARK SKINNER,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mastec, Inc., by T. Jonathan Cook, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Mark Skinner, by Linda N. Garrett, his attorney, filed a timely response.

The issue on appeal is whether Mr. Skinner is entitled to an additional award of permanent partial disability for his injuries. The claims administrator granted Mr. Skinner a 28% permanent partial disability award on July 22, 2013. On May 25, 2016, the Office of Judges reversed the decision of the claims administrator, and awarded Mr. Skinner a 31% permanent partial disability award. This appeal arises from the Board of Review's Final Order dated June 13, 2017, in which the Board remanded the claim, for good cause shown, to the Office of Judges with instructions to issue a new time frame order to allow for the full and complete development of the evidence, and for any other proceedings the Office of Judges finds necessary. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Skinner was injured in a motor vehicle accident while driving a company truck on February 14, 2011. Mr. Skinner sustained injuries to his legs, head, hip, kidney, lung and ribs. He

1

was initially treated at Braxton Memorial Hospital where he was diagnosed with a fracture of the left femur, a fracture of the right femur, fractures of the fifth and sixth rib, and a left acetabular fracture. He also suffered a fracture/dislocation of the left hip socket and femoral head fracture. He was transferred to Charleston Area Medical Center for further treatment. Mr. Skinner was evaluated by Frederick Armbrust, M.D., on February 15, 2011. Dr. Armbrust noted that Mr. Skinner sustained extensive orthopedic injuries and a small pneumothorax on the right side. A cranial CT scan revealed two areas of intracranial hemorrhage.

On February 17, 2011, James Maurer, D.O., performed an open reduction internal fixation of the posterior wall of the left acetabulum with trochanteric slide osteotomy, removal of femoral head pieces from the rotation of the femoral head, and an incisional VAC placement. The post-operative diagnosis was left posterior wall acetabular fracture with femoral head dislocation and fracture. On February 23, 2011, Janet Jenkins, M.D., evaluated Mr. Skinner and recommended a rehabilitation stay due to his traumatic brain injury. He was transferred to the CAMC Acute Rehab Unit on February 25, 2011, where he remained until his discharge on March 29, 2011. A discharge summary completed by Kenneth Wright, M.D., recommended outpatient therapy, and the need for 24 hour supervision and attendant care.

Mr. Skinner began working with Desiree Poling, a speech-language pathologist, on April 12, 2011. Ms. Poling's clinical impression was mild to moderate cognitive deficit in some cognitive linguistic areas. Ms. Poling recommended six months of speech-language therapy.

Mr. Skinner treated with otolaryngologist Chadi Makary, M.D., from November 8, 2011, through July 31, 2012. He developed a glottic web due to six days of intubation following the motor vehicle accident on February 14, 2011. Although he underwent surgery on August 26, 2011, to divide the glottis band, he redeveloped a glottis web. Mr. Skinner underwent additional surgery on May 11, 2012, for lysis of the glottic web.

Mr. Skinner was evaluated by Ailia Ali, M.D., for shortness of breath and cough on September 10, 2012. He experienced significant improvement following lysis of the glottic scar bed, but he continued to suffer mild shortness of breath with exertion, and a productive cough. Pulmonary function tests showed moderate obstruction with air trapping. Dr. Ali recommended a chest x-ray and full pulmonary function tests including spirometry, lung volumes, and diffusion capacity.

On July 10, 2013, Joseph Grady, M.D., performed an independent medical evaluation of Mr. Skinner. Dr. Grady found him to be at maximum medical improvement in regard to his many compensable injuries. Dr. Grady found 10% whole person impairment for cognitive deficits related to the compensable injury. Dr. Grady found no specific ratable impairment for the trachea injury. He also found no ratable impairment for COPD because the pulmonologist had indicated that the obstructive pulmonary findings were more consistent with long-term cigarette smoking. Dr. Grady found no ratable impairment for Mr. Skinner's resolved rib fractures, adrenal hemorrhages and right biceps tear. Combining Mr. Skinner's lower extremity impairments, and converting to whole person impairment, Dr. Grady found a total of 16% whole person impairment for the left lower extremity. Dr. Grady found 3% whole person impairment

for range of motion abnormalities in the lumbar spine, and no ratable lumbar impairment. Dr. Grady placed Mr. Skinner in Lumbar Category II of Table 85-20-C (2006) for a final lumbar impairment rating of 5% whole person impairment. Using the American Medical Association's, *Guides to the Evaluation of Permanent Impairment*, (4th Ed. 1993), Dr. Grady found Mr. Skinner to have a combined total of 28% whole person impairment for all of his compensable injuries of February 14, 2011. By Order dated July 22, 2013, Mr. Skinner was granted a 28% permanent partial disability award based upon Dr. Grady's report.

Robert Walker, M.D., performed an independent medical evaluation of Mr. Skinner and issued a report on November 7, 2013. Dr. Walker found 11% whole person impairment of the right shoulder, 5% whole person impairment of the left upper extremity, 8% whole person impairment of the right lower extremity, and 11% whole person impairment of the left lower extremity. Dr. Walker also found 14% whole person impairment for a closed head injury with residual deficits in integrative function and memory, and 15% whole person impairment for respiratory obstruction. Dr. Walker also found 16% whole person impairment of the lumbar spine. Dr. Walker placed Mr. Skinner in Lumbar Category II of Table 85-20-C (2006) and adjusted the final lumbar rating to 8% whole person impairment. Combining Mr. Skinner's various impairments using the Combined Values Chart, Dr. Walker found him to have a combined total of 53% whole person impairment for the compensable injury of February 14, 2011.

On September 15, 2014, the Office of Judges reversed the claims administrator's Order of July 22, 2013, and granted Mr. Skinner an additional 25% permanent partial disability above the amount previously granted, for a total award of 53%. The decision was based upon Dr. Walker's assessment of impairment. Mastec, Inc. appealed the award, and asserted because it was not represented by counsel before the Office of Judges, Dr. Grady's report and "other evidence" was not submitted for review. On appeal, the employer requested a remand of the claim to take additional evidence. On February 5, 2015, the Board of Review granted Mastec, Inc.'s Motion and remanded the claim to the Office of Judges for further development of the facts in the claim.

Following the Board of Review's remand, ChuanFang Jin, M.D., performed an independent medical evaluation of Mr. Skinner on February 8, 2016. Dr. Jin found Mr. Skinner to have 14% whole person impairment for the compensable left hip fracture. She found 4% whole person impairment for range of motion abnormalities of the left knee, 4% whole person impairment for mild range of motion abnormalities of the right hip, and 1% whole person impairment for mild weakness related to the compensable right bicep injury. Dr. Jin found 5% whole person impairment of the lumbar spine using Table 75 of the *Guides*. Dr. Jin found Mr. Skinner to have a lumbar rating of 5% whole person impairment. Dr. Jin also found 10% whole person impairment for cognitive dysfunction. Dr. Jin found no ratable lung impairment related to the compensable injury. Using the Combined Values Chart, Dr. Jin found Mr. Skinner to have a combined total of 31% whole person impairment for the compensable injuries of February 14, 2011.

Dr. Jin also addressed the findings and conclusions of Dr. Walker. Dr. Jin noted that Dr. Walker's range of motion findings for the left elbow and right lower extremity were not consistent with the left elbow and right lower extremity range of motion measurements of the other evaluators of record. She noted that Dr. Walker found impairment for the right shoulder, although there is no medical evidence of right shoulder symptoms. Dr. Jin also took issue with Dr. Walker's stenotic scarring findings. She stated that glottis stenosis causes extra-thoracic airway obstruction, not obstructive pulmonary disease. Dr. Jin also noted that while Dr. Walker recommended impairment for restrictive lung disease resulting from Mr. Skinner's compensable rib fractures, his impairment rating was based upon the FEV1, an indicator for obstructive lung disease. Finally, Dr. Jin opined that Dr. Walker's impairment ratings for the lower extremity and lumbar spine were excessive.

On May 25, 2016, the Office of Judges issued a Final Decision reversing the July 22, 2013, Order of the claims administrator. The Office of Judges granted Mr. Skinner an additional 3% permanent partial disability award above the previously granted 28% award. The Office of Judges found that Dr. Walker's IME report does not provide an accurate or reliable assessment of Mr. Skinner's current impairment. It was determined that Dr. Jin's IME report provides the most accurate and reliable assessment of Mr. Skinner's current state of whole person impairment. The Office of Judges further held that any benefits that have been paid previously, in excess of 31% permanent partial disability, shall be deemed an overpayment and may be recovered pursuant to West Virginia Code § 23-4-1d(d) (2005).

In a June 13, 2017, Order, the Board of Review discussed the claim's procedural history, and noted that Mr. Skinner suffered multiple significant injuries. The Board concluded that additional evidence is necessary for a full and complete development of the facts of the claim. Based upon West Virginia Code § 23-5-12(d) (2006), the claim was remanded, for good cause shown, to the Office of Judges with instructions to issue a new time frame order to allow for the full and complete development of the evidence, and for any other proceedings the Office of Judges finds necessary. The Board specifically directed the Office of Judges to allow Mr. Skinner to submit a supplemental report from Dr. Walker that addresses the issues raised by the Office of Judges, or to submit a new independent medical evaluation report from Dr. Walker or another evaluator. The time frame would allow both parties to submit additional evidence. The Board also directed the Office of Judges to consider any new evidence, along with the evidence that was previously considered, and render a decision affirming, reversing, or modifying its Decision dated May 25, 2016.

After review, we agree with the decision of the Board of Review. Mr. Skinner sustained significant injuries as a result of his work-related motor vehicle accident which resulted in years of rehabilitation, multiple surgeries, and ongoing treatment. Another independent medical evaluation would allow the Office of Judges to have a better assessment of Mr. Skinner's impairment related to his compensable injuries. The Board of Review's decision should be affirmed.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 19, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING**:
Justice Menis E. Ketchum